Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407
Attorney for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TRUSTEES FOR THE MASON TENDERS :
DISTRICT COUNCIL WELFARE FUND, :
PENSION FUND, ANNUITY FUND, and :
TRAINING PROGRAM FUND, and JOHN J. :
VIRGA, in his fiduciary capacity as Director, :
 :
         and :         Civil Action No.
 :
ROBERT BONANZA, as Business Manager :
of the MASON TENDERS DISTRICT COUNCIL :    ECF CASE
OF GREATER NEW YORK, :
         Petitioners, :
 :         **PETITION TO CONFIRM**
         -against- :         **ARBITRATION AWARD**
 :
OCEAN PACIFIC INTERIORS, INC. :
 :
         Respondent. :
------------------------------------------------------------ x

       The Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund and Training Program Fund (hereinafter the "Funds") and the Mason Tenders District Council of Greater New York (the "Union" or "MTDC") which both have their principal place of business at 520 8th Avenue, Suite 600 and 650, New York, NY 10018, hereby bring the following allegations against OCEAN PACIFIC INTERIORS, INC. ("the Company" or "OPI" or "Respondent"), which maintains its principal place of business at 140 West Street, 2nd Floor, New York, NY 10007. This petition is brought pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 to confirm and enforce an arbitration

award (the "Award") issued by Arbitrator Joseph Harris on January 15, 2019 (attached hereto as Exhibit 1) in accordance with the grievance and arbitration terms set forth in a collective bargaining agreement and the written terms of the legally-established jointly trusteed Trust Agreements to which the Company is bound. The Petition arises from the failure of the Company to timely pay all monies owed pursuant to the Award. The Funds and the MTDC seek a judgment confirming the Award and ordering the Company to pay the Funds a balance of $47,759.80 in delinquent fringe benefit contributions, dues & PAC contributions, current interest, liquidated damages, attorney fees, and arbitration costs.

## THE PARTIES

1.  Petitioners are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3 (3) of ERISA, 29 U.S.C. § 1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. § 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The purpose of the Funds, among other things, is to provide fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their

principal place of business at 520 8th Avenue, Suite 600, New York, NY 10018. John Virga is the Director of the Funds.

2.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018. Petitioner the MTDC is a "labor organization" within the meaning of 29 U.S.C. § 152(5). The MTDC maintains its principal place of business within this judicial district, at 520 8th Avenue, Suite 650, New York, NY 10018. Robert Bonanza is the Business Manager of the MTDC.

3.      Respondent is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2). Respondent is bound by the terms and conditions of the Mason Tenders District Council Master Independent Collective Bargaining Agreement and is located at 140 West Street, 2nd Floor, New York, NY 10007. Oliver Papraniku is the president of Ocean Pacific Interiors, Inc.

4.      On September 3, 2010, Oliver Papraniku signed a letter confirming that Ocean Pacific Interiors, Inc. is a single employer with OPI, Inc., and that Ocean Pacific Interiors, Inc. is jointly bound to the Trade Agreement that exists between the MTDC and OPI, Inc.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1331 and § 1337.

6.      Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. § 185, because on information and belief the Company transacts business in this judicial district. Venue

lies in this judicial district under 28 U.S.C. § 1391(b), because the Funds and MTDC maintain offices in this judicial district and the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

7.  At all relevant times OPI was party to the 2005-2008 Mason Tenders District Council of Greater New York Master Independent Collective bargaining Agreement (the "CBA"), which by its terms in Article XII renews annually unless either party to the agreement notifies the other of its intention to terminate the agreement. Neither party did so. Oliver Papraniku executed the CBA on behalf of the Company.

8.  The CBA establishes the terms and conditions of employment for all bargaining unit employees of the Company. The CBA requires the Company to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBA are also designated as the authorized collection agent for the MTDC and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

9. The Trust Agreements permit the Trustees of the Plans to take any legal action for the purpose of collecting the unpaid benefits from an employer including the commencement of arbitration proceedings against delinquent employers to seek allegedly delinquent contributions.

10. The Trust Agreements further provide that in the event legal action is taken, the Employer is responsible for:

    a. unpaid contributions;

    b. interest on unpaid contributions determined by using the rate prescribed under 26 U.S.C. § 6621;

    c. an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

    d. reasonable attorneys' fees and costs of the action;

    e. such other legal or equitable relief as the court deems appropriate.

11. The CBA further provides that the Company agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

12. Respondent is an "Employer" as defined by the Trust Agreements. It is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

13. The Trust Agreements further provide the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of

legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

14. Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing a proceeding to enforce the Employer's obligations through arbitration before one of a panel of two designated arbitrators.

15. A dispute arose concerning the Company's failure to meet obligations to make fringe benefit and other contributions to the Trust Funds pursuant to its CBA and the relevant Trust Agreements for the period April 10, 2010 through March 31, 2017 as based on a books and records examination conducted by the Funds' auditors.

16. Pursuant to the CBA and the Trust Agreements, the Funds on or around December 14, 2017 referred the dispute to Arbitrator Joseph Harris for arbitration, who by letter dated December 15, 2017 scheduled a hearing in the matter for January 8, 2018.

17. The hearing was duly conducted on January 8, 2018. No representative appeared on behalf of OPI. The Funds submitted evidence in support of its claim including an auditor's report completed after a books and records examination of the Company. This report indicated that the Company owed the Funds for the relevant period of April 1, 2010 through March 31, 2017 some $30,784.83 in unpaid fringe benefits, $2,306.32 in unpaid dues and PAC contributions, and $4,189.55 in current interest. The Funds further requested the Respondent be ordered to pay ERISA liquidated damages, attorney fees, and arbitration costs.

18. On January 8, 2018 the Arbitrator issued his Award ordering Respondent to pay the Funds a total of $47,759.80 comprising $30,784.83 in unpaid fringe benefits, $2,306.32 in

unpaid dues and PAC contributions, $4,189.55 in current interest, $8,379.10 in liquidated damages, $500.00 in attorney fees, and $1,600.00 in arbitration costs.

19. Since the issuance of the Award, no payments have been made against the award by OPI or any other party.

20. Petitioners pray for an Order confirming and enforcing the Award in its entirety, and directing entry of Judgment against OPI in favor of the Union and the Funds in the amount of $47,759.80 with statutory interest to accrue from the date of the entry of Judgment, plus any legal costs incurred in confirming and enforcing the Award.

Dated: January 14, 2019
   New York, NY

By: _____ /ts/
Haluk Savci, Esq.
Mason Tenders District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org

# Exhibit 1

OFFICE OF THE IMPARTIAL ARBITRATOR
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In the Matter of the Arbitration Between                    (
                                                            (   DEFAULT
TRUSTEES OF THE MASON TENDERS DISTRICT                      (   OPINION AND AWARD
COUNCIL FRINGE BENEFIT FUNDS and MASON TENDERS              (
DISTRICT COUNCIL OF GREATER NEW YORK   (Funds)              (   Joseph A. Harris, Ph.D.
                                                            (   Impartial Arbitrator
                    -and-                                   (
                                                            (
OCEAN PACIFIC INTERIORS, INC. and O.P.I., INC.              (
(Defendant)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appearances:

For the Funds:
    Haluk Savci, Esq.                Associate General Counsel, MTDC
    Dominick Giammona           Mason Tenders Trust Funds
    William Austin                   Schultheis & Panettieri LLP

For the Defendant:
    No One

    The Defendant and the Funds are bound by the terms of the Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement (CBA) 2005-2008. (Funds Exhibit 1 or F-1) On behalf of O.P.I. Inc., Oliver Papraniku, President, signed the CBA on March 23, 2006.

    On September 3, 2010, Mr. Papraniku signed a letter confirming that "Ocean Pacific Interiors Inc. is a closely related company [to OPI Inc.] performing work within the Union's jurisdiction." Further, "the two referenced companies are a single employer, are both bound to the Trade Agreement effective the date specified therein, and are jointly and severally liable for each other's obligations and liabilities for purposes of Trade Agreement only." Mr. Papraniku signed that the above was "agreed to and accepted on behalf of him personally, OPI Inc. and Ocean Pacific Interiors Inc." (F-2)

    The Funds sent a Notice of Arbitration to the Defendant, dated December 14, 2017, with a copy to me, and requested that I schedule an arbitration. On December 15, 2017, I sent an arbitration scheduling letter to the Defendant at two e-mail addresses, stating that the arbitration would be held on January 8, 2018.

    The Notice of Intention to Arbitrate stated the dispute as follows:

> Delinquent fringe benefit contributions and other contributions due to the Funds and the District Council pursuant to the provisions of the collective bargaining agreement between OCEAN PACIFIC INTERIORS, INC. and O.P.I., INC. and the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK as determined by an audit for the period 04/01/2010 through 03/31/2017 in the amount of $30,784.83 in addition to $2,306.32 in dues and PAC contributions and $3,984.32 in statutory interest as of 11/30/2017 for a total of $37,075.47.

1

On January 8, 2018, the Arbitration proceeded as scheduled, with only the Funds in attendance. The Defendant did not respond to my email in any way, and the email did not bounce back to me.

The Funds introduced a payroll audit for the period 04/01/2010 – 03/31/2017. (F-3) This exhibit includes two USPS Certified Mail Receipt showing unsuccessful delivery to the Defendant of the payroll audit and demand for payment. It also introduced the Funds' Deficiency Report, as of 01/08/2018 (F-4), that lists claimed fringe benefits of $30,784.83, dues and PAC of $2,306.32, and current interest of $4,189.55, for a total of $37,280.70 owed. The Funds asked the Arbitrator to rule that the Defendant owes these moneys, plus ERISA penalty of double the amount of interest owed on unpaid principal (liquidated damages) of $8,379.10.

Finally, the Funds ask the Arbitrator to assess the Defendant legal fees of $500.00 and pro-rated arbitrator fees.

### AWARD

Based on the substantial and credible evidence that was presented to me, the undersigned finds the Defendant owes delinquent fringe benefits and associated items as detailed in the two Deficiency Reports. OCEAN PACIFIC INTERIORS, INC. and O.P.I., INC. shall pay to the Funds the total below.

**AUDIT PERIOD 04/10/10 – 03/31/17**

| | |
|---|---:|
| Delinquent Contributions for Fringes | $ 30,784.83 |
| Dues & PAC | 2,306.32 |
| Current Interest | 4,189.55 |
| ERISA Penalty: Double the Interest Owed | 8,379.10 |
| **Subtotal** | **$45,659.80** |
| Attorney Fees | 500.00 |
| Arbitrator Fees (pro-rated daily rate + writing) | 1,600.00 |
| **Subtotal** | **$2,100.00** |
| **TOTAL** | **$ 47,759.80** |

Date: January 15, 2018

*Joseph A. Harris*
JOSEPH A. HARRIS, PH.D.
Impartial Arbitrator

STATE OF NEW YORK )
COUNTY OF NEW YORK )

The Undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with the arbitration law of the State of New York.

*Joseph A. Harris*

Sent by e-mail to the Defendant (Julie@opassociates.com and jsawczak@opiconstruction.com) and to the Funds.